UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

PATRICK MATHEIS et al.,

                              Plaintiffs,

         -v-                                                    No. 13CV6682-LTS-DCF

NYPS, LLC et al.,

                              Defendants.
--------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2 4 16
```

### MEMORANDUM ORDER

          The Court has received and reviewed the parties' joint motion for approval of the

proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See Docket

Entry No. 55.) "[B]efore a district court enters judgment [on an FLSA settlement agreement], it

must scrutinize the settlement agreement to determine that the settlement is fair and reasonable."

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question

is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues

rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

(internal quotation marks and citation omitted). In determining whether a settlement is fair and

reasonable, a court considers the totality of the circumstances, encompassing a range of factors

including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement

will enable the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the

settlement agreement is the product of arm's-length bargaining between experienced counsel; and

(5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted).

"Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is

generally not in as good a position as the parties to determine the reasonableness of an FLSA

settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)

(internal quotation marks and citation omitted).  Moreover, following the Second Circuit's

decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties

may not privately settle FLSA claims without approval of either the district court or the

Department of Labor.  In dicta in Cheeks, the Second Circuit expressed hesitation with respect to

the validity of settlement agreements containing confidentiality provisions, general releases or

excessive attorneys' fees.  See generally id.

    The Court has carefully considered the parties' joint submission, which includes

factual proffers and a memorandum of law.  (See Docket Entry Nos. 55, 56, 57.)  In light of the

factors articulated above, the Court finds both that the proposed settlement agreement, including

the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the

requirements of Cheeks.  The Court will therefore "so-order" the settlement agreement (Docket

Entry No. 57, Ex. C) and enter the parties' stipulation of dismissal (Exhibit A to the settlement

agreement).

    This Memorandum Order resolves Docket Entry Number 55.  The Clerk of Court

is respectfully requested to close this case.

    SO ORDERED.

Dated: New York, New York
   February 4, 2016

         /s/  Laura Taylor Swain
         LAURA TAYLOR SWAIN
         United States District Judge